FILED
01/19/2024
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Ronda Duncan
DV-56-2024-0000075-PI
Harris, Donald
1.00

Laurence Stinson
Scott Stinson
STINSON LAW GROUP, P.C.
421 W. Mendenhall Street
Bozeman, Montana 59715
T: 406.587.2179
F: 307.219.5969
E: laurence@stinsonlawyers.com
E: scott@stinsonlawyers.com

*Attorneys for Plaintiffs*

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
### IN AND FOR THE STATE OF MONTANA
### YELLOWSTONE COUNTY

| | |
|---|---|
| GAHGE WHITEMAN RUNSHIM and CELEA POITRA,<br><br>Plaintiffs,<br><br>vs.<br><br>KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.; BYRON STANLEY; MID AMERICA TRANSPORT, LLC; THADIUS KAYLOR; ENTERPRISE LEASING COMPANY OF DENVER, LLC; EAN HOLDINGS, LLC; KHLEAL MARCUS TAYLOR; and XYZ Companies or Corporations 1-10; John or Jane Does 1-10.<br><br>Defendants. | Civil Action No.: DV-56-2024-0000075-PI<br><br>*Donald Harris*<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Whiteman Runshim and Poitra v. Knight-Swift, et al
*Complaint and Demand for Jury* - Page 1 of 15

**COME NOW** Plaintiffs, Gahge Whiteman Runshim and Celea Poitra, by and through counsel, Stinson Law Group, P.C., Bozeman, Montana, and for their cause of action against Defendants, state and allege upon information and belief as follows:

## I. Overview

1. This case involves the conduct of Defendant trucking companies that fell below industry standards by not having or enforcing adequate policies, practices, and procedures for drivers. These failures led to the failure of Defendant driver Stanley and other drivers to properly control a tractor-trailer operating on a public road in adverse weather which resulted in the serious injury of a person.

2. This lawsuit is brought against interstate motor carrier Knight-Swift Transportation Holdings, Inc. (Knight-Swift) and other DOE entities through which both, and their shareholders, agents, and representatives, do business.

3. This suit is also brought, in the alternative, against Mid America Transport, LLC, Thadius Kaylor, Enterprise Leasing Company of Denver, LLC, EAN Holdings, LLC, Khleal Marcus Taylor; and other unknown agents and representatives of Defendants identified as DOE or XYZ Defendants (unknown Defendants).

4. Throughout this Complaint the motor carrier trucking companies and their business entities and agents are generally called Defendants.

5. This lawsuit is brought by Gahge Whiteman Runshim ("Gahge") and Celea Poitra ("Celea"), who are members of the traveling public. Gahge and Celea were injured by Defendants on February 27, 2021, on a public interstate in Montana.

## II. Jurisdiction and Venue

6. All prior allegations are restated and incorporated herein.

7. Plaintiff, Gahge Whiteman Runshim is a citizen and resident of Burleigh County, North Dakota.

8. Plaintiff Celea Poitra is a citizen and resident of Burleigh County, North Dakota.

9. Upon information and belief, Defendant Byron Stanley is a resident of Bernalillo County, New Mexico.

10. Defendant Knight-Swift Transportation Holdings, Inc, is a Delaware Corporation with its principal place of business in Maricopa County, Arizona.

11. Upon information and belief, Defendant Thadius Kaylor is a resident of Chatham County, Illinois.

12. Defendant Mid America Transport, LLC is a limited liability company with its principal place of business in Chatham, Illinois.

13. Defendant Enterprise Leasing Company of Denver, LLC, is a limited liability company with its principal place of business in Highland Ranch, Colorado.

14. Upon information and belief, Khleal Marcus Taylor is a resident of Colorado Springs, Colorado.

15. Defendant EAN Holdings, LLC, is a limited liability company with its principal place of business in Tualatin, Oregon.

16. The incident that caused injury to Plaintiffs occurred in Yellowstone County, Montana.

17. Defendants were operating commercial motor vehicles on the public roads and highways within the state of Montana subjecting Defendants to jurisdiction of this Court pursuant to MCA §25-3-601 et. seq.

18. Jurisdiction is appropriate in Yellowstone County, State of Montana.

19. The acts or omissions giving rise to the Plaintiffs' claims against Defendants occurred in Yellowstone County, Montana. Therefore, venue is proper in this Court.

### III.  General Allegations

20. All prior allegations are restated and incorporated herein.

21. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and Defendants were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

22. Motor Carrier Defendants have a duty to write, create or otherwise enact and have in place, policies and procedures consistent with the FMCSR governing driving and operational safety of motor vehicles, including hiring qualified drivers, drivers' hours of service and vehicle inspection, repair, and maintenance. Such duty includes properly supervising its business operations by monitoring the driving habits and records of its drivers in compliance with federal regulations and industry standards. 49 CFR §383.110; 383.111; 383.113

23. Motor Carrier Defendants have a duty to properly hire qualified tractor-trailer drivers to ensure the safety of citizens on the roads, interstates, and highways.

24. Motor Carrier Defendants have a duty to properly train tractor-trailer drivers to ensure the safety of citizens on the roads, interstates, and highways.

25. Defendant Stanley is an employee of Motor Carrier Defendant Knight-Swift.

26. Defendant Kaylor is an employee of the Motor Carrier Defendant Mid American Transport, LLC.

27. Defendant Taylor is an employee of the Motor Carrier Defendant Enterprise Leasing Company of Denver, LLC and/or Motor Carrier Defendant EAN Holdings, LLC.

28. At all times relevant to this crash, all Defendant drivers acted in the course and scope of their employment with their motor carrier employers.

29. At all times relevant to this crash, Defendant Drivers were agents of the Defendant Motor Carrier that paid them.

30. At all times relevant to this crash, Defendant Stanley was an agent of Defendant Knight-Swift.

### IV.  Facts For All Causes of Action

31. All prior allegations are restated and incorporated herein.

32. A tractor-trailer is an 18-wheeled vehicle that often weighs 80,000 pounds or more and requires a commercial driver's license and special training to operate.

33. The commercial truck owned by Knight-Swift and being operated by Defendant Stanley at the time of the crash weighs more than 10,001 pounds, making it a commercial motor vehicle for MCS-90 purposes.

34. Knight-Swift was at all times relevant engaged in interstate commerce across all of Montana as a commercial motor carrier subject to the FMCSA and the Federal Motor Carrier Safety Regulations as well as Commercial Motor Vehicle Rules of the State of Montana.

35. The remaining Motor Carrier Defendants were at all times relevant engaged in interstate commerce across all of Montana and were subject to the FMCSR, the FMCSA, as well as Commercial Motor Vehicle rules of the State of Montana.

36. Because of the foreseeable danger and death to the public, including motorists and pedestrians, a company or proprietorship engaged in the interstate operation of trucking must make safety priority number one. That includes safety while driving in dark conditions and inclement weather.

37. Knight-Swift is a commercial trucking company that commonly and frequently uses tractor-trailers for delivery across Montana and/or the United States and their tractor-trailer operators are in constant contact with other motorists and pedestrians.

38. Trucking companies, like Knight-Swift, must train drivers how to safely operate or cease operating their trucks at all times, including during inclement weather and dark conditions.

39. Trucking companies, like Knight-Swift, must train their drivers to be cognizant of their surroundings including weather; how to problem-solve when faced with unsafe situations, including that of other drivers; and to control their truck on the roadway in adverse situations, which truckers routinely encounter.

40. Trucking companies, like Knight-Swift, must train their drivers to prevent losing control of their tractor-trailer and protect the public from harm.

41. Because of their size and weight, commercial vehicles are harder to control, take longer to stop and can cause more damage that standard passenger vehicles. As a result, operating a commercial motor vehicle is more dangerous that

operating a standard passenger vehicle and a greater level of care is required from commercial drivers.

42. Safe driving practices require that when commercial drivers, like Defendant Stanley, encounter icy driving surfaces they must slow down to a crawl and stop driving as soon as they can safely do so.

43. Failure to follow the appropriate safety rules is negligence.

44. The allegations set forth in paragraphs 32-43 apply generally to all Motor Carrier Defendants and all Defendant Motor Carriers.

45. On February 27, 2021, Plaintiffs were passengers in their grandmother's pickup when she ran into the back of another vehicle as part of a multi-car accident on Interstate 90 outside Billings, Montana.

46. Gahge and Celea were not injured when their grandmother struck the car in front of her.

47. As a result of the multi-car accident, Plaintiffs' grandmother's pickup and numerous cars were rendered immobile blocking both lanes of travel on a bridge over the Yellowstone River.

48. Gahge and Celea exited their grandmother's pickup and went over to the side of the bridge to help a mother whose children were stuck in her car, which was part-way over the guard-rail.



49. While Gahge and Celea were trying to assist this mother and her children, the tractor-trailer owned by Knight-Swift and driven by Defendant Stanley crashed into one or more of the other disabled cars stuck on the bridge, pushing them into other cars causing a chain reaction that resulted in Gahge and Celea being thrown off the bridge and onto the frozen ground 60 feet below.

50. Gahge and Celea were moving safely among cars on the bridge and were located near the car of the mother and her children before Knight-Swift came into the crash scene at an unsafe rate of speed and caused vehicles at rest to move again and caused Plaintiffs to fear for their lives. Gahge and Celea were ejected off the bridge as a result of the crash.

51. Defendant Stanley chose to drive too fast for the icy road conditions in violation of the FMCSR and industry safe operating practices.

52. Defendant Stanley failed to operate the tractor-trailer safely in its lane of travel, needlessly hit the vehicles in front of him, and was in violation of safe driving practices.

53. Gahge and Celea did not cause the crash and are not at fault whatsoever.

54. Defendant Stanley was at all times relevant hereto, working within the course and scope of his employment with Knight-Swift.

55. As a result, the actions of Defendant Stanley with regard to this crash are legally the actions of Knight-Swift.

56. As a result of the crash, Gahge was seriously injured and suffered injuries including, but not limited to: broken vertebrae in his neck, a fractured femur, a fractured pelvis, a punctured lung and a dislocated shoulder.

57. As a result of the crash, Celea was seriously injured and suffered injuries including, but not limited to: broken vertebrae in her back, a pelvic fracture, a broken ankle and a lacerated kidney.

58. As a result of the crash, Gahge was subjected to emotional distress and anguish.

59. As a result of the crash, Celea was subjected to emotional distress and anguish.

## V. Multiple Acts of Negligence against Knight-Swift

60. The Plaintiffs reallege each and every allegation previously set forth in this Complaint as if set forth herein in full.

61. The negligence of the improper training, supervision, and accountability of its drivers by Knight-Swift was a significant cause of the collision.

62. Knight-Swift is required to keep, maintain, enforce, and follow safe driving practices and safe driving policies.

63. Knight-Swift failed to do this and was negligent. Knight-Swift was negligent in numerous ways including, but not limited to:

   a. failing to properly supervise and train how to anticipate inclement weather, drive in inclement weather, and control a vehicle in inclement weather, so as to avoid injury and death to others, including Plaintiffs;

   b. failing to properly supervise and train to prevent a crash, to avoid injury (or death) to others, including Plaintiffs;

64. Defendant Stanley was also negligent in numerous ways including, but not limited to: driving too fast for the road conditions, failing to maintain proper control of the tractor-trailer so as to avoid injury to others, including Plaintiffs; and failing to maintain proper lookout so as to avoid injury to others, including Plaintiffs.

65. Gahge was physically injured as a result of Defendants' negligence.

66. Gahge was mentally injured as a result of Defendants' negligence.

67. Celea was physically injured as a result of Defendants' negligence.

68. Celea was mentally injured as a result of Defendants' negligence.

## VI.  Negligence Per Se Against Knight-Swift

69. Plaintiffs reallege and incorporate by reference all allegations in all previous paragraphs of this Complaint.

70. Defendant Stanley violated Montana driving statutes including driving too fast for conditions.  Plaintiffs are members of the class of persons sought to be protected by these statutes and have suffered injuries of the type sought to be avoided by these statutes.

71. Thus, Defendant Stanley was negligent *per se* as a matter of law.

72. As a result of Defendant Stanley's negligence *per se*, Plaintiffs were injured and have suffered, and continue to suffer, personal injury.

## VII. Alternative Claims: Acts of Negligence against Other Named Motor Carriers and Drivers

73. The Plaintiffs reallege each and every allegation previously set forth in this Complaint as if set forth herein in full.

74. The negligence of the improper training, supervision, and accountability of its drivers by Mid America Transport, Enterprise Leasing Company of Denver, LLC, and/or EAN Holdings, LLC, was a significant cause of the collision.

75. These Motor Carrier Defendants are required to keep, maintain, enforce, and follow safe driving practices and safe driving policies.

76. These Motor Carrier Defendants failed to do this and were negligent in numerous ways, including but not limited to:

   a. failing to properly supervise and train their drivers how to anticipate inclement weather, drive in inclement weather, and control a vehicle in inclement weather, so as to avoid injury and death to others, including Plaintiffs;

   b. failing to properly supervise and train their drivers to prevent a crash, to avoid injury (or death) to others, including Plaintiffs.

77. Defendant Kaylor and Taylor were also negligent in numerous ways, including but not limited to: driving too fast for the road conditions, failing to maintain proper control of the tractor-trailer so as to avoid injury to others, including Plaintiffs; and failing to maintain proper lookout so as to avoid injury to others, including Plaintiffs.

78. Gahge was physically injured as a result of Defendants' negligence.

79. Gahge was mentally injured as a result of Defendants' negligence.

80. Celea was physically injured as a result of Defendants' negligence.

81. Celea was mentally injured as a result of Defendants' negligence.

## VIII.  Alternative Negligence Per Se against Other Motor Carriers

82.  Plaintiffs reallege and incorporate by reference all allegations in all previous paragraphs of this Complaint.

83.  Defendants Kaylor and Taylor violated Montana driving statutes including driving too fast for conditions.  Plaintiffs are members of the class of persons sought to be protected by these statutes and have suffered injuries of the type sought to be avoided by these statutes.

84.  Thus, Defendants Taylor and Kaylor were negligent *per se* as a matter of law.

85.  As a result of Defendant Kaylor's and Defendant Taylor's negligence *per se*, Plaintiffs were injured and have suffered, and continue to suffer, personal injury.

86.  As Defendant drivers were acting under the course and scope of their employment, the Motor Carrier Defendants are liable for their drivers' negligence per se.

## IX. 6-Person Jury Demand

Plaintiffs hereby demand a trial by a six (6) person jury for all issues.

## X. Prayer for Relief

**WHEREFORE**, Plaintiffs pray this Court for judgment in their favor and

against Defendants pursuant to evidence at trial as follows:

    a. For their emotional distress and mental anguish;

    b. For their physical injuries;

    c. for their past and future medical expenses;

    d. For Plaintiffs' costs of suit herein; and

    e. For such other and further relief as the Court deems equitable and just.

**DATED** this 19th day of January 2024.

By: */s/ Laurence Stinson*
Laurence Stinson
STINSON LAW GROUP, P.C.
Attorney for Plaintiffs