IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GAHGE WHITEMAN RUNSHIM AND CELEA POITRA, <br><br> Plaintiffs, <br><br> vs. <br><br> KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.; et al., <br><br> Defendants. | CV 25-06-BLG-TJC <br><br> **ORDER** |

Plaintiffs Ghage Whiteman Runshim and Celea Poitra ("Plaintiffs") bring this negligence action arising from a multiple-vehicle pileup that occurred on Interstate 90 West on a bridge over the Yellowstone River, just outside of Billings, Montana.  (Doc. 3.)  Presently before the Court is Defendants Mid America Transport, LLC and Thadius Kaylor's (collectively "Mid-America") Motion for Judgment on the Pleadings.  (Doc. 30), which is fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court finds the motion should be **GRANTED**, as set forth below.

1

## I.    BACKGROUND[1]

On February 27, 2021, Plaintiffs were passengers in their grandmother's pickup when she ran into the back of another vehicle as part of a multi-vehicle accident on Interstate 90 outside Billings, Montana.  As a result of the multi-vehicle accident, Plaintiffs' grandmother's pickup and numerous other vehicles were rendered immobile and blocked both lanes of travel on a bridge over the Yellowstone River.

Plaintiffs exited their grandmother's pickup and went to the side of the bridge to help a mother whose children were stuck in her car part-way over the guard rail.  Plaintiffs were moving safely among the vehicles on the bridge at that time.  While Plaintiffs were trying to assist the mother and her children, however, a tractor-trailer owned by Defendant Knight-Swift Transportation Holdings, Inc. ("Knight-Swift") and driven by Defendant Byron Stanley, crashed into one or more of the other disabled vehicles, pushing them into other vehicles.  This caused a chain reaction that resulted in Plaintiffs being ejected from the bridge.  Plaintiffs landed on the frozen ground approximately 60 feet below and suffered serious injuries.

---

[1] For the purposes of this motion, the Court accepts as true the allegations contained in the Complaint.  *Wyler Summit P'ship v. Turner Broadcasting Sys, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

Mid-America's tractor-trailer, which was driven by Kaylor, was one of the vehicles involved in the multi-vehicle pileup.

Defendants now move for judgment on the pleadings under Rule 12(c), arguing Plaintiffs have failed to state a claim against them.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  Thus, the same legal standard "applies to motions brought under either rule."  *Id*.  As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(c) motion without converting the motion into one for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).

Dismissal under Rule 12(b)(6) is proper when the pleading either "(1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir.

2008)).  The Court evaluates Rule 12(b)(6) motions to dismiss in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  While "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citations omitted).  Nor does a pleading "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (citing *Twombly*, 550 U.S. at 570).  A claim is plausible on its face when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  The claim need not be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  Facts that are "merely consistent with" a defendant's liability fall short of this standard.  *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

4

misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679.

## III.    DISCUSSION

Mid-America argues Plaintiffs fail to allege sufficient facts to link their injuries to the alleged negligent acts of Mid-America.  Specifically, Mid-America argues that although Plaintiffs allege Mid-America was negligent, the Complaint contains no allegations that Mid-America's negligence caused their injuries.  Without such allegations, Mid-America asserts Plaintiffs have not plausibly alleged entitlement to relief for negligence.

Mid-America's argument is well-taken.  Plaintiffs' allegations against Mid-America are sparse.  Plaintiffs allege Mid-America failed to properly train and supervise its drivers how to anticipate inclement weather, drive in inclement weather, control a vehicle in inclement weather, and to prevent a crash to void injury or death to others.  (Doc. 3 at ¶ 74-76.)  Plaintiffs further allege Kaylor was negligent by driving too fast for the road conditions, failing to maintain proper control of the tractor-trailer to avoid injury to others, and failing to maintain proper lookout to avoid injury to others.  (*Id.* at ¶ 77.)  Plaintiffs do not, however, include any factual allegations to indicate how the negligent acts of Mid-America either caused the original accident, or caused the secondary accident that resulted in Plaintiffs' injuries.

5

Plaintiffs argue that a diagram of the accident, which was included in the Complaint, shows that Mid-America's tractor-trailer was documented to be in the immediate vicinity of Plaintiffs' vehicle. But the diagram is unlabeled, and therefore, it is not evident which vehicle is which. Moreover, the fact Mid-America's tractor-trailer was part of the multi-vehicle pileup on the bridge is not adequate to support a reasonable inference that Mid-America had a role in causing the accident and Plaintiffs' injuries. Accordingly, the diagram is insufficient, standing alone to establish a plausible theory of liability against Mid-America.

Plaintiffs further argue the Court should take judicial notice of the Montana Highway Patrol Vehicle Crash Report ("Crash Report"). Plaintiffs contend the Crash Report contains facts that support a plausible inference that Kaylor's failure to drive safely in hazardous conditions was a contributing factor to the overall incident, including the events that injured them.

The contents of the Crash Report, however, are not properly the subject of judicial notice. *See U.S. v. Richie*, 342 F.3d 903, 909 (9th Cir. 2003) (citing *Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985)); *Roe v. City of Portland*, 2024 WL 3888705, *11 (D. Or. Aug. 19, 2024); *Knighten v. City of Anderson*, 2016 WL 1268114, *5 n.3 (E.D. Cal. March 31, 2016). The Court, therefore, declines to take judicial notice of the Crash Report. Therefore, as presently alleged, the Court finds

6

the Complaint fails to state a plausible claim for negligence against Mid-America.

Nevertheless, the Ninth Circuit has made clear "[i]t is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015).  Plaintiffs may be able to allege additional facts to support their claim that Mid-America's negligence caused their injuries.  Therefore, Plaintiffs will be given twenty-one (21) days within which to file an amended complaint.

## IV.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motion to for Judgment on the Pleadings (Doc. 30) is **GRANTED** with leave to amend.  Plaintiffs shall file any amended Complaint within twenty-one (21) days of the date of this order.  If an amended Complaint is not filed, Defendants' motion will be granted with prejudice.

DATED this 27th day of February, 2026.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge